

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00053-CR

RAYMOND JEROME BAKER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 241st District Court
Smith County, Texas
Trial Court No. 241-0927-12

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Raymond Jerome Baker was convicted by a jury of possession of less than one gram of cocaine, and with a prior conviction used as an enhancement, Baker received a sentence of seven years' imprisonment. In his one issue on appeal, Baker contends that the trial court committed reversible error by allowing the introduction of evidence about an extraneous offense during the guilt/innocence phase of the trial.[1]

The issue of the admission of extraneous-offense evidence is generally within the trial court's discretion. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990) (op. on reh'g). The general rule is that evidence of other crimes, wrongs or acts is inadmissible to prove a person's character, but evidence of other crimes, wrongs, or acts is admissible for other purposes, such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404(b). The general rule as to the admissibility of evidence of other wrongs, however, is somewhat limited or constrained by Rule 403 of the Texas Rules of Evidence, which states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403.

In this case, Baker argues that the trial court erred in allowing certain evidence to be admitted because Baker believes that the disputed evidence was more prejudicial than probative

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

under Texas Rule of Evidence 403.  Evidence that is validly objectionable under Rule 403 is subject to exclusion if the opponent of the evidence timely objects on the basis that the danger of unfair prejudice substantially outweighs its probative value.  *Id.*; *Montgomery*, 810 S.W.2d at 389.

The subject of Baker's complaint is testimony that, while free on bail awaiting this trial, Baker was arrested in Kaufman County in possession of over six grams of crack cocaine.  The arresting officer testified about the recovery of a plastic bag or baggie from Baker which contained a substance that a chemist testified was six grams of crack cocaine.  Although Baker does not argue that the evidence was insufficient to prove the extraneous offense, he maintains that the evidence given was so prejudicial that its prejudicial effect outweighed its probative value.  In other words, its effect would be so prejudicial to his case that its impact on the trier of fact was sufficiently powerful that it would overshadow the evidence of the crime with which he was currently charged.

A Rule 403 analysis by the trial court should include (but is not necessarily limited to) the following factors:  (1) the probative value of the evidence, (2) the potential of the evidence to impress the jury in some irrational but nevertheless indelible way, (3) the time the proponent needs to develop the evidence, and (4) the proponent's need for the evidence.  *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004) (citing *Montgomery*, 810 S.W.2d at 389–90); *Rogers v. State*, 183 S.W.3d 853, 862–63 (Tex. App.—Tyler 2005, no pet.).  There must be a marked disparity between the degree of prejudice of the evidence and its probative value before

3

the Rule 403 balancing test requires exclusion. *Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996).

As described by the Texas Court of Criminal Appeals, the term "unfair prejudice," as used in Rule 403, refers to the capacity of concededly relevant evidence "'to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged.'" *Manning v. State*, 114 S.W.3d 922, 928 (Tex. Crim. App. 2003) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

The State points to the video recording of Baker's arrest for the offense for which he was tried in this case to support its need to develop this testimony. The amount of illicit drugs found on Baker was minuscule, less than the amount that one would find in a standard package of artificial sweetener. In that video recording, Baker vociferously denied any knowledge that the small baggie found in his pocket contained cocaine. The State, therefore, stated that it offered evidence of the second arrest of Baker in possession of the much larger amount of crack cocaine for the purpose of showing that he was, indeed, aware of the appearance of cocaine, providing substantial support for the State's position that he was aware of the nature of the contents of the baggie in his pocket. We note that it was the duty of the State to show Baker's mens rea in this case; evidence showing his familiarity with the substance would, therefore, be of considerable importance. *See* TEX. PENAL CODE ANN. § 6.02 (West 2011). The first and fourth factors of the Rule 403 analysis weigh strongly in favor of admission of the evidence of the second possession.

The second factor (i.e., the potential of the evidence to impress the jury in some irrational but nevertheless indelible way) involves what is sometimes known as a "judgment call" in that it

4

has no concrete, absolute measure. The fact that Baker was arrested in possession of a larger quantity of crack cocaine after he had been released on bail from his detention for this offense would surely impact the jury. The jury was also instructed, both before the evidence was introduced and then later in the court's charge, that it was to consider the latter offense only in determining knowledge or absence of mistake or accident.

Extraneous offenses are inherently prejudicial. *See Brown v. State*, 974 S.W.2d 289, 293 (Tex. App.—San Antonio 1998, pet. ref'd). Although evidence of extraneous offenses carries the potential to impress the jury of a defendant's character conformity, the impermissible inference of character conformity can be minimized through a limiting instruction to the jury. *Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996); *Karnes v. State*, 127 S.W.3d 184, 193 (Tex. App.—Fort Worth 2003, pet. ref'd). Given the nature of the extraneous offense in this case, we do not believe the evidence was so inherently inflammatory or prejudicial that the jury would have been unable to limit its consideration of that offense to the proper purpose pursuant to the instruction. *See Heigelmann v. State*, 362 S.W.3d 763, 772–73 (Tex. App.—Texarkana 2012, pet. ref'd).

The third factor is the amount of time devoted to the development of the evidence of the extraneous offense. Here, two of the eight witnesses heard in the guilt/innocence phase of the trial testified about the extraneous offense, comprising approximately twenty percent of the testimony presented in that portion of the trial. This contrasts with the situation in *Morales v. State*, 293 S.W.3d 901, 912 (Tex. App.—Texarkana 2009, pet. ref'd), where only four pages of a 564-page record were devoted to the development of evidence of the extraneous offense.

5

Baker's scenario is much closer to the situation in *Toliver v. State*, 279 S.W.3d 391, 398 (Tex. App.—Texarkana 2009, pet. ref'd), wherein 92 of the 408 pages in the same phase of the trial (twenty-three percent of the State's case) were so consumed, along with three video recordings that required over an hour to display to the jury. In *Toliver*, we concluded that the evidence had at least the potential to unfairly prejudice the jury. Similarly, we conclude that in this case, where a fifth of the trial regarded proof of an extraneous offense, that the factor weighs against admission of the evidence.

Thus, three of the four factors we have considered weigh in favor of admissibility. Upon reviewing the record as a whole and giving due deference to the trial court, we cannot say it abused its discretion in finding that the danger of unfair prejudice did not substantially outweigh the probative nature of the State's proffered extraneous-offense evidence. The contention of error is overruled.

We affirm the judgment.


Bailey C. Moseley
Justice


Date Submitted:    September 13, 2013
Date Decided:    September 18, 2013

Do Not Publish